FILED
COURT OF APPEALS
DIVISION II

2015 MAR 10 AM 8: 41

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Personal Restraint Petition of | No. 46277-0-II |
| HECTOR C. ORTIZ III, | |
| Petitioner. | UNPUBLISHED OPINION |

JOHANSON, C.J. — Hector C. Ortiz III seeks relief from personal restraint imposed following his 2011 convictions of first degree robbery, second degree assault, and second degree unlawful possession of a firearm. He claims that his restraint is unlawful because (1) his robbery and assault convictions violate double jeopardy protections and should have merged, (2) all three of his offenses constitute the same criminal conduct, and (3) trial counsel provided ineffective assistance because he failed to argue points (1) and (2).[1]

---

[1] Petitioner's conviction was final on March 25, 2011. RCW 10.73.090(3). Petitioner filed a CrR 7.8 motion in the superior court on March 7, 2012. The superior court transferred it to this court on May 12, 2014. Therefore, this petition was timely filed under RCW 10.73.090. The superior court previously transferred another petition to this court that Ortiz had filed on January 28, 2013. This court dismissed that petition as an untimely mixed petition. *See In re Pers. Restraint of Ortiz*, No. 44462-3-II (dismissed May 29, 2013) (petition for review stayed pending resolution of the current petition).

We grant the petition and remand to the sentencing court to vacate the assault conviction and resentence petitioner using a corrected offender score.

## I. DOUBLE JEOPARDY

Petitioner argues and the State concedes that his robbery and assault convictions merged, should not have counted separately in his offender score, and that the assault should not be listed on his judgment and sentence. We accept this concession and remand for the sentencing court to vacate the assault conviction and recalculate petitioner's offender score. *See State v. Kier*, 164 Wn.2d 798, 804, 194 P.3d 212 (2008) (first degree robbery and second degree assault of the same victim merge unless there is some independent purpose or effect of the assault).[2]

## II. SAME CRIMINAL CONDUCT

Petitioner argues that all three offenses constitute the same criminal conduct and therefore the sentencing court should have calculated his sentence range with an offender score of "0" rather than "3."

Offenses amount to the "same criminal conduct" if they "require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a). As we have already determined that the robbery and assault merged, we need not address the assault. Robbery and unlawful possession of a firearm are not the same criminal conduct because they involve different victims. In this case, the robbery victim was the restaurant manager. And

---

[2] In his reply brief, petitioner asserts that the firearm and robbery counts merge. But they do not because one need not unlawfully possess a firearm to raise second degree robbery to first degree robbery. *Kier*, 164 Wn.2d at 804; *State v. Moreno*, 173 Wn. App. 479, 498-99, 294 P.3d 812 (unlawful possession of a firearm does not merge with first degree assault), *review denied*, 177 Wn.2d 1021 (2013).

No. 46277-0-II

the victim of unlawful possession of a firearm is the general public. *State v. Haddock*, 141 Wn.2d 103, 110-11, 3 P.3d 733 (2000). Petitioner's claim fails.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Because this court is granting relief under petitioner's first claim and because his second claim lacks merit, we need not address whether petitioner was denied his right to effective assistance of counsel at sentencing.

We grant the petition and remand to the sentencing court to vacate the assault conviction and resentence petitioner using a corrected offender score.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

BJORGEN, J.

SUTTON, J.

3